NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| PUSHPAMALAR SATCHITHANANTHAN,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No. 14-70620<br><br>Agency No. A079-784-814<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 15, 2017**

Before:     CANBY, TROTT, and GRABER, Circuit Judges.

Pushpamalar Satchithananthan, a native and citizen of Sri Lanka, petitions

for review of the Board of Immigration Appeals' ("BIA") order denying her

motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C.

§ 1252. We review for abuse of discretion the denial of a motion to reopen.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Satchithananthan's third motion to reopen as untimely and numerically-barred where the motion was filed more than nine years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and where Satchithananthan failed to demonstrate changed country conditions in Sri Lanka to qualify for the regulatory exception to the time and number limitations for filing a motion to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Najmabadi*, 597 F.3d at 987-90 (petitioner failed to show evidence was "qualitatively different" to warrant reopening). We reject Satchithananthan's contentions that the BIA failed to consider record evidence. *See Najmabadi*, 597 F.3d at 990-91 (the BIA adequately considered evidence and sufficiently announced its decision).

We lack jurisdiction to review the BIA's discretionary decision not to reopen proceedings sua sponte pursuant to 8 C.F.R. § 1003.2(a). *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011); *see also Matter of G-D-*, 22 I. & N. Dec. 1132, 1135 (BIA 1999) (BIA's consideration of whether a fundamental change in the law warrants reopening involves an exercise of its sua sponte authority); *cf. Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

Finally, we reject as without merit Satchithananthan's contention that intervening case law requires reconsideration of this court's decision in

*Satchithananthan v. Holder*, 508 Fed. Appx. 652, 653 (9th Cir. 2013).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**